# United States Court of Appeals
## For the First Circuit

No. 20-1566

NIKOLIN LUCAJ, RITA LUCAJ, MARIELA LUCAJ,
GORDON LUCAJ, LETICIA LUCAJ,

Petitioners,

v.

ROBERT M. WILKINSON, in his official capacity as Acting Attorney
General of the United States.

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Thompson, Boudin, and Kayatta,
Circuit Judges.

Gregory Marotta and Law Office of Gregory Marotta on brief
for petitioner.
Jeffrey Bossert Clark, Assistant Attorney General, U.S.
Department of Justice, Civil Division, John S. Hogan, Assistant
Director, U.S. Department of Justice, Office of Immigration
Litigation, Brianne Whelan Cohen, Senior Litigation Counsel, U.S.
Department of Justice, Civil Division, on brief for respondent.

March 10, 2021

**BOUDIN**, <u>Circuit Judge</u>.  In 2001, the Socialist Party of Albania won country-wide elections.  In October of that year, Nikolin Lucaj, his wife, and three of his children travelled to the United States from Albania.  He returned to Albania briefly but reentered the United States on February 10, 2002 and applied for asylum, arguing that he and his family had been persecuted because of his support of the Democratic Party in Albania and that they had a well-founded fear of future persecution.

An asylum officer found that Mr. Lucaj was ineligible for asylum and ordered Mr. Lucaj and his family to appear in immigration court.  Mr. Lucaj conceded removability and requested asylum, withholding of removal, and protection under the Convention Against Torture.  On October 23, 2006, the immigration judge denied his petition after finding that his testimony was "rather unreliable" and did not prove he was eligible for the requested relief.  The Board of Immigration Appeals ("BIA") affirmed.

Mr. Lucaj did not appeal that BIA determination. Instead, Mr. Lucaj asked the BIA to reopen his case and to remand it to the Immigration Court for a new hearing.  That motion was denied by the BIA, as was his later motion to reconsider reopening the case (affirmed by this court on appeal).  However, Mr. Lucaj and his family remained in the United States, and on September 7, 2019, Mr. Lucaj once again asked the BIA to reopen his case on the

- 2 -

ground that circumstances, including government corruption, had deteriorated in Albania. The BIA denied his request, and Mr. Lucaj appealed.

A petitioner seeking to reopen removal proceedings based on changed country circumstances must first "'introduce new, material evidence that was not available at the original merits hearing.'" Bbale v. Lynch, 840 F.3d 63, 66 (1st Cir. 2016) (quoting Perez v. Holder, 740 F.3d 57, 62 (1st Cir. 2014)). That evidence "'must demonstrate the intensification or deterioration of country conditions, not their mere continuation,' and the petitioner bears the burden of making such showing through a 'convincing demonstration.'" Twum v. Barr, 930 F.3d 10, 20 (1st Cir. 2019) (quoting Xin Qiang Liu v. Lynch, 802 F.3d 69, 76 (1st Cir. 2015)). Second, a petitioner must make out a prima facie case of eligibility for the relief sought. Id., 930 F.3d at 21.

To evaluate whether there has been a material change in country conditions, the BIA is required to "compare 'the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing,'" Nantume v. Barr, 931 F.3d 35, 38 (1st Cir. 2019) (quoting Liu v. Holder, 727 F.3d 53, 57 (1st Cir. 2013)), including, where necessary, "the evidence submitted with the petitioner's motion to reopen with the evidence presented at his merits hearing," Cabas v. Barr, 928 F.3d 177, 181 (1st Cir. 2019). The BIA's decision not to reopen a petitioner's

case will stand "unless the petitioner can show that the BIA committed an error of law or exercised its judgment in an arbitrary, capricious, or irrational manner."  Bbale, 840 F.3d at 66.

To support his case for reopening, Mr. Lucaj submitted an affidavit complaining in particular about two events that occurred after his removal proceeding in 2006:  The Socialist party took power in 2013, and then in 2019 the Socialists' corruption and connections with organized crime deterred the opposition party from even participating in the 2019 elections.  Mr. Lucaj provided, among other things, the State Department's 2018 Human Rights Report on Albania, the Freedom House "Freedom in the World 2018" Report on Albania, and articles from 2018 and 2019 about corruption in Albania and the Socialist Party's success in recent elections.  We do not know whether those submissions show materially worsening conditions for Democratic Party members in Albania, however, because the BIA refused to compare those reports to available evidence of conditions from 2006, claiming that Mr. Lucaj had not "explained how the proffered . . . country condition documentation show[s] qualitatively different conditions from 2006."  Plainly, though, he did so by pointing out the two cited, post-2006 events as evidence of changed conditions.  The BIA's failure to assess whether those changes were sufficient was arbitrary and capricious.  See Aponte v. Holder, 683 F.3d 6, 14 (1st Cir. 2012).

- 4 -

Therefore, we **reverse** the decision by the BIA and **remand** Mr. Lucaj's case so that the BIA can review available evidence to examine whether conditions for members of the Democratic Party in Albania have deteriorated since 2006 and, if so, whether Mr. Lucaj has established a prima facie case for relief.

**It is so ordered**.